UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re: Craig Anthony Oates
    Debtor(s)[1]

Case No.
Chapter 13

☐ Check if this is an AMENDED PLAN [First, Second...]

## CHAPTER 13 PLAN

### PART 1: NOTICES

*To Creditors: Your rights may be affected by this plan.*

You should read this plan and other documents sent to you carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation prior to the CH 13 plan date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. **The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.** *Creditors who are not individuals (i.e.: corporations, LLC's, etc.) must have an attorney in order to have their objections considered by the Court.* **Creditors must file a timely proof of claim in order to be paid under any plan.**

*To debtor: You must check one box on each line to state if the plan includes the following items. If an item is checked as "Not included," or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included<br>☒ Not included |
| --- | --- | --- |
| 1.2 | Debtor intends to avoid a judicial lien or security interest; see § 3.4. | ☐ Included<br>☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included<br>☐ Not included |

### PART 2: PLAN PAYMENTS AND PLAN LENGTH

2.1 **Payments to the Trustee**: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The debtor (or debtor's employer) shall pay to the Chapter 13 Trustee the sum of $152.00 WEEKLY, which approximates a payment of $660.00 per month, for 60 months.
**Total base of plan payments**: $39,600.00.
**Payments shall be mailed to the Chapter 13 Trustee at**: Leigh A. Duncan, Chapter 13 Trustee, Lock Box 2238, Memphis, TN 38101-2238.
**Plan Length**: The term of the plan is 60 months.

---

[1] *All references to "debtor" shall include both debtors in a joint case.*

2.2 **Tax Refunds:** Debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term, **unless otherwise provided in Part 8.**

2.3 **Additional Payments** (check one):
☑ None

**PART 3: TREATMENT OF SECURED CLAIMS**

Unless otherwise ordered by the Court, the claim amount(s), including the value of a secured claim, stated on a timely filed proof of claim will control over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

3.1 **Secured Debts Which Will Extend Beyond the Length of the Plan**
☑ None

3.2 **Secured Debts Which Will Not Extend Beyond the Length of the Plan**

    (a) **Secured Claims Subject to Valuation Under 11 U.S.C. § 506.**
       ☑ None
    (b) **Secured Claims Not Subject to Valuation Under 11 U.S.C. § 506.**
       ☑ None
    (c) **Determination of Secured Status and Strip Lien (11 U.S.C § 506).**
       ☑ None

3.3 **Prepetition Defaults**
☐ None
☑ Prepetition defaults owed to the following creditor(s) will be cured over the plan term, and payment of arrearages under this plan shall conclusively constitute payment of all pre-petition arrearages:

| Name | Amount of Default to be Cured | Interest Rate (if specified) |
|---|---|---|
| CENLAR (HOME & LOT – 305 Brooke Ct, Panama City, FL) | $7,500.00 | NONE |

3.4 **Motions to Avoid Lien**
☑ None

3.5 **Direct Payments to Creditors**
☑ None
☑ The debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (if specified) |
|---|---|---|---|
| CENLAR (HOME & LOT – 305 Brooke Ct, Panama City, FL) | $253,000.00 | CONTRACT AMOUNT | CONTRACT RATE |

| | | | |
|---|---|---|---|
| SUNNOVA (SOLAR PANELS) | $20,000.00 | CONTRACT AMOUNT | CONTRACT RATE |
| INNOVATIONS CREDIT UNION (2016 VOLKSWAGON PASSAT) (TO BE PAID BY NON FILING CO DEBTOR) | $4,000.00 | CONTRACT AMOUNT | CONTRACT RATE |

**Upon entry of the Order Confirming Plan, the automatic stay shall be terminated as to the *in rem* rights of the creditors whose secured claims are being paid direct by the debtor in § 3.5, above.**

3.6 **Property to be Surrendered**
☑ None

## PART 4: TREATMENT OF TRUSTEE'S FEES, ATTORNEYS' FEES AND OTHER PRIORITY CLAIMS, INCLUDING DOMESTIC SUPPORT OBLIGATIONS

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4(c), will be paid in full without post-petition interest.

4.1 **Trustee's Fee:** Trustee's fees are governed by statute and will be paid through the plan. Trustee's fees may change during the course of the case.

4.2 **Attorney's Fee** (unpaid portion): $5,000.00 (fees) $600.00 (costs)
Pursuant to 11 U.S.C. § 521(f)(4)(B) and Standing Order(s) of this Court, the debtor shall file all required annual statements. Debtor's attorney may seek additional fees for filing required annual statements; if the plan is modified due to an increase in income shown on an annual statement, the debtor's attorney may seek additional fees for the plan modification. No advanced notice or opportunity to object to these fee applications will be given.

4.3 **Filing Fee** (unpaid portion): Any unpaid portion of the filing fee will be paid in accordance with the order granting the debtor's application to pay the filing fee in installments.

4.4 **Domestic Support Obligation**
☑ Debtor has no Domestic Support Obligations

4.5 **Other Priority Claims**
☑ None

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

5.1 **General Nonpriority Unsecured Claims**
Allowed nonpriority unsecured claims that are not separately classified in Part 5.2 will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ A total of $18,000.00.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☑ Funds remaining after disbursements have been made to all other creditors provided for in this plan. Allowed nonpriority unsecured claims shall be paid interest to the extent available, not to exceed 6%, unless otherwise provided in Part 8.

### 5.2 Separately Classified Nonpriority Unsecured Claims
☑ None. *If "None" is checked, the rest of Part 5.2 need not be completed or reproduced.*

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**The executory contracts and unexpired leases listed below are assumed. All other executory contracts and unexpired leases are rejected.** *Check one.*
☑ None. *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

## PART 7: STANDARD PLAN PROVISIONS

7.1 Title to the debtor's property shall re-vest in debtor on confirmation of a plan or dismissal of the case, unless otherwise provided in Part 8, provided that proceeds from any potential or pending cause of action or other asset not yet liquidated, are property of the Estate and must be paid to the Chapter 13 Trustee pending further order of the Court.

7.2 Except as provided above, allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this Plan.

7.3 Secured creditors and lessors to be paid directly by the debtor and/or co-debtors may continue to mail to debtor the customary monthly notices or coupons notwithstanding the automatic stay.

## PART 8: NONSTANDARD PLAN PROVISIONS

☐ None
☑ Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box labeled "Included" in Part 1.3.*

**DEBTOR SHALL PAY TO THE TRUSTEE THE TAX REFUNDS FOR THE FIRST THREE YEARS.**

**THE LANGUAGE LIFTING THE STAY UNDER PART 3, 3.5 ONLY APPLIES TO A DEFAULT IN POST PETITION PAYMENTS AND REQUIRES THAT THE LENDER FILE AN AFFIDAVIT OF DEFAULT.**

## PART 9: SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY

If the debtor does not have an attorney, the debtor must sign below; otherwise, the debtor's signature is optional. The attorney for the debtor, if any, must sign below.

_____  
Signature of Debtor 1

_____  
Signature of Debtor 2

_____  
Signature of Attorney for Debtor

Date: 03/20/24

Martin S. Lewis/Steven D. Jurnovoy  
Bar No: 0100587/938221  
1100 North Palafox Street  
Pensacola, FL 32501  
Telephone: (850) 432-9110  
Email: landj@lewisandjurnovoy.com

**By filing this document, the debtor, if not represented by an attorney, or the attorney for the debtor, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Official Form adopted by this Court effective on the date of signing, other than any nonstandard provisions included in Part 8.[www.flnb.uscourts.gov/sites/default/files/forms/lf13_21.pdf].**